UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SAMUEL DALE HOLMES,
                               Defendant.

Case No. 20-MJ-05069-TLF
CR20-029J (WD OKL.)

DETENTION ORDER

THE COURT conducted a hearing under the Bail Reform Act, 18 U.S.C. § 3142(e),(g) on March 25, 2020 and determined that detention is appropriate because no condition or combination of conditions will reasonably assure the safety of any other person and the community, nor would the Court be able to mitigate the defendant's risk of flight or risk of failure to appear.

The defendant, Samuel Dale Holmes, is charged in the United States District Court for the Western District of Oklahoma in an Indictment that charges him with one count of Felon in Possession of a Firearm. Dkt. 1. Under Fed. R. Crim. P. 5(c)(2), (3), and 5(d), Mr. Holmes was arrested in Washington State and was brought to the United States District Court for the Western District of Washington for an initial appearance on March 25, 2020. Dkt. 4-6, 8. Mr. Holmes waived the Fed. R. Crim. P. 5(c)(3) hearing regarding identity and consented to be transferred to the Western District of Oklahoma. Dkt. 6.

Under Fed. R. Crim. P. 5(c),(d), it is important for the Court in the arresting jurisdiction to consider the interests of the charging jurisdiction. In this matter, The United States District Court for the Western District of Oklahoma has an interest in following up on the Indictment, and this Court should ensure the defendant appears for proceedings in that Court. *United States v. Dominguez,* 783 F.2d 702, 704-05 (7th Cir.

1986); *United States v. Savader,* 944 F. Supp. 2d 209, 213-215 (E.D.N.Y. 2013).

The defendant is entitled to a presumption of innocence, and under the Bail Reform Act, the Court is required to determine -- taking into full consideration the defendant's constitutional rights and that the defendant is presumed innocent -- whether the defendant should nevertheless be detained pending trial. *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985).

The government must show by a preponderance of the evidence that Mr. Holmes is a non-appearance risk, or by clear and convincing evidence that Mr. Holmes is a danger to the community. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008).

Although the four factors listed in 18 U.S.C. § 3142(g) permit this Court to consider the nature of the offense currently charged, and the evidence of guilt, these factors are considered only in the context of evaluating the likelihood that the person will fail to appear or will pose a danger. *United States v. Motamedi,* at 1408. Even if a defendant poses a danger to others or to the community, the defendant must be released when the Court determines there would be a "condition or combination of conditions [that] will reasonably assure. . .the safety of any other person and the community." *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

The government met its burden of showing risk of flight or risk of failure to appear by a preponderance of the evidence, and by clear and convincing evidence that Mr. Holmes presents a serious risk of dangerousness to others and to the community.

The record indicates that Mr. Holmes has a criminal history that includes Domestic Violence Harassment and Theft in the First Degree, committed in King County, Washington on or about December 14, 2019. Dkt. 8, Pretrial Services Report, at 6. His criminal history also shows multiple felony convictions, many of which include possession of a firearm, along with multiple failures to appear. Dkt. 8 at 3-6. The

defendant was on active supervision for a felony in Oklahoma City, Oklahoma, at the time of the alleged crime charged in the instant federal case. Dkt. 8 at 4. A charge of driving under the influence is pending in SeaTac Municipal Court, and there is a warrant outstanding in that case. Dkt. 8 at 4.

These convictions, and failures to appear, show by a preponderance of the evidence that Mr. Holmes has not shown an ability to conform his behavior to the law, and would likely fail to appear. In addition, his criminal record shows that he has acted violently very recently – according to the March 17, 2020 King County Superior Court conviction for domestic violence harassment – committed in December of 2019. This is clear and convincing evidence that the defendant is likely to be a danger to others and to the community. The Court also finds that there are no conditions, or combination of conditions that would reasonably mitigate these risks. Mr. Holmes was on active supervision at the time he committed the offenses in King County. This shows that he cannot conform his behavior to a court order, and this Court would not be able to trust that he would follow any order relating to conditions of supervision.

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for transfer to the United States District Court for the Western District of Oklahoma, and for the purpose of an appearance in connection with a court proceeding.

March 31, 2020

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge